UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

Eastern District of Kentucky
**FILED**

**JAN 0 5 2007**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CRIMINAL ACTION NO. 06-32-KKC

UNITED STATES OF AMERICA,     PLAINTIFF

V.     **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

DENNIS MAJOR,     DEFENDANT

\* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On October 23, 2006, a federal grand jury returned a one-count indictment against defendant Dennis Major charging that on or about January 13, 2006, defendant did knowingly possess one or more matters, that is, electronic storage media, which contained visual depictions that had been mailed, and had been shipped and transported in interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means, including by computer, the production of which involved the use of a minor engaging in sexually explicit conduct, and which visual depictions were of such conduct, all in violation of 18 U.S.C. § 2252(a)(4)(B).

On November 2, 2006, defendant pled not guilty to the foregoing charge, and this matter was scheduled for a jury trial on January 8, 2007.

Subsequently, on December 13, 2006, a federal grand jury returned a 14-count superceding indictment against defendant. Counts 1-12 charged that on or about January 16, 2004, and continuing through on or about December 15, 2004, defendant did knowingly receive twelve different visual depictions that had been mailed, and had been shipped and transported in interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means, including by computer, the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct, and which visual depictions were of such

conduct, all in violation of 18 U.S.C. § 2252(a)(2). Count 13 charged that on or about December 14, 2004, defendant did knowingly possess visual depictions of any kind, including a drawing, cartoon, sculpture, and painting, that depicts images that are, and appear to be, of minors engaging in sexual intercourse, including genital-genital, oral-genital, or anal-genital, and which lack serious literary, artistic, political, and scientific value, and which had been mailed, and had been shipped and transported in interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means, including by computer, all in violation of 18 U.S.C. § 1446A(b)(2)(A) & (B). Count 14 charged that on or about January 13, 2006, defendant did knowingly possess one or more matters, that is, electronic storage media, which contained visual depictions that had been mailed, and had been shipped and transported in interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means, including by computer, the production of which involved the use of a minor engaging in sexually explicit conduct, and which visual depictions were of such conduct, all in violation of 18 U.S.C. § 2252(a)(4)(B).

On December 27, 2006, defendant pled not guilty to the foregoing charges contained in the superseding indictment. This matter is scheduled for a pretrial conference on January 25, 2007, and a jury trial on February 12, 2007.

This matter is before the court on defendant's motion in limine to prohibit the United States from introducing any written or oral statements made by his wife, Tina Major, to any law enforcement agents [DE #25], and on defendant's motion to prohibit the introduction of incriminating exhibits that his wife, Tina Major, provided to any government witness [DE #29]. These motions have been fully briefed and are ripe for review.

Pursuant to standing order, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b), for consideration of certain pre-trial motions, including defendant's motions to prohibit the introduction of certain evidence by the United States.

## II. FACTUAL BACKGROUND

The charges lodged against defendant in the indictment and the superceding indictment stem from a complaint made by defendant's wife, Tina Major, to the Campbellsburg Post of the Kentucky State Police in January of 2006, wherein Tina Major reported that she had obtained a considerable amount of floppy disks and CD-ROMs containing what she considered to be child pornography from a locked gun cabinet[1] in the residence where she and the defendant resided. Subsequent to receipt of that complaint from Mrs. Major, the following day, Kentucky State Police Detective Michael Viergutz testified that he met with Mrs. Major in Lexington, Kentucky, took possession of these floppy disks, CD-ROMs, and other information which Mrs. Major found in this gun cabinet and voluntarily provided to him. Detective Viergutz also obtained a written statement from Mrs. Major concerning the items she found in the gun cabinet.

Based on this and other information, Detective Viergutz obtained a search warrant for defendant's residence, and the search warrant was executed a few days after receipt of this evidence by Detective Viergutz.

## III. DEFENDANT'S MOTIONS

### A. Defendant's motion to prohibit the introduction of oral or written statements made by his wife

Relying on the adverse spousal testimonial privilege, which protects one spouse from being compelled to testify against the other, defendant has moved in limine to prohibit the United States from introducing any evidence at trial of any oral or written statements his wife, Tina Major, made to any law enforcement officers. *See Trammel v. United States*, 445 U.S. 40, 53 (1980).

In response, the United States acknowledges that it is fully aware that defendant's wife intends to invoke her adverse spousal testimonial privilege. Consequently, the United States advises

---

[1] According to testimony from Kentucky State Police Detective Michael Viergutz obtained at the detention hearing on November 2, 2006, Mrs. Major told the police officers that the gun cabinet containing this evidence was locked, that she had not previously had a key to this gun cabinet, and that she did not know exactly what was contained in this locked gun cabinet until she found the key and opened the gun cabinet.

that it has no intention of either calling defendant's wife, Tina Major, as a witness or of introducing any statement she made to any law enforcement officer that incriminates the defendant. The United States also states that it understands that any such statements made by defendant's wife would be inadmissible hearsay. For these reasons, the United States further advises that it will not introduce any of the statements made by defendant's wife in its case-in-chief. However, in the event the defendant's wife elects to testify as a witness for the defense, the United States reserves the right to question defendant's wife about those same statements that are at issue in defendant's motion in limine during its cross-examination of defendant's wife.

In summary, since defendant's wife has invoked her adverse testimonial privilege, the United States will not, during its case-in-chief, offer any evidence at trial of any oral or written statements defendant's wife made to any law enforcement officers. However, if defendant's wife decides to testify as a witness for the defense, then the United States has reserved the right to question defendant's wife, on cross-examination, about any statements, either oral or written, that she made to law enforcement officers that incriminate defendant.

**B.  Defendant's motion to prohibit the introduction of incriminating exhibits that his wife provided to any government witness**

Relying on the same marital "adverse testimonial privilege" that would exclude the introduction of any oral or written statements made by defendant's wife to law enforcement officers that incriminate him, defendant has also moved to prohibit the introduction of any incriminating exhibits his wife voluntarily provided to law enforcement officers.

The United States objects to this motion, arguing that the exhibits at issue (CD-ROMs and diskettes that contain child pornography and miscellaneous pieces of paper containing the names of various websites) are not protected by the marital "adverse testimonial privilege" since the act of defendant's wife in voluntarily providing these exhibits to law enforcement officers was not a confidential communication made to her spouse, defendant herein, that would be protected by any adverse spousal testimonial privilege. Therefore, the United States contends that defendant's motion

4

to prohibit the introduction of the incriminating exhibits that his wife provided to any government witness should be denied.

In reply, defendant asserts that, contrary to the suggestion made by the United States that defendant is attempting to categorize the incriminating exhibits as "confidential communications" in order to have them excluded, his motion to prohibit the introduction of this evidence is not based on any claim that they are "confidential communications." Instead, defendant argues that *any* evidence, statements or otherwise, provided by his wife to any government witness is protected by his wife's invocation of the adverse testimonial privilege.

## Applicable law

In *United States v. Porter*, 986 F.2d 1014 (6th Cir. 1993), the defendant appealed his conviction to the United States Court of Appeals for the Sixth Circuit arguing, in part, that the district court erred by permitting the defendant's former spouse, over defendant's objection, to offer incriminating testimony against the defendant.[2] In considering this issue, the Sixth Circuit had occasion to review both the "adverse spousal testimony privilege" and the "confidential marital communications privilege," as set out *verbatim* below:

> The adverse spousal testimony privilege protects one spouse from being compelled to testify against the other. This privilege may not be asserted after a marriage has been terminated. *Pereira v. United States*, 347 U.S. 1, 6, 74 S.Ct. 358, 361, 98 L.Ed. 435 (1954); *United States v. Byrd*, 750 F.2d 585, 590 (7th Cir.1984). Further, this privilege may be exercised only by the testifying spouse. *Trammel v. United States*, 445 U.S. 40, 53, 100 S.Ct. 906, 913, 63 L.Ed.2d 186 (1980); *United States v. Sims*, 755 F.2d 1239, 1240-41 (6th Cir.), *cert. denied*, 473 U.S. 907, 105 S.Ct. 3533, 87 L.Ed.2d 656 (1985). Since Jones and Porter were divorced at time of trial, and since Jones did not elect to exercise the privilege, her testimony was properly admitted, there being no violation of the adverse spousal testimony privilege.
>
> The confidential marital communications privilege excludes confidential communications made by one spouse to the other during the marriage. This privilege

---

[2] Specifically, defendant's former spouse was permitted to testify that 10 or 12 days after she had moved out of the marital residence, but during the time when she and the defendant were still married, the defendant telephoned her to tell her that he had gone to Florida with two of the alleged accomplices to buy a kilo of cocaine. *Porter*, 986 F.2d at 1018.

is assertable by either spouse. *Sims,* 755 F.2d at 1241. The rationale for this privilege differs somewhat from that of the adverse testimony privilege:

> The testimonial privilege looks forward with reference to the particular marriage at hand: the privilege is meant to protect against the impact of the testimony on the marriage. The marital communications privilege in a sense, is broader and more abstract: it exists to insure that spouses generally, prior to any involvement in criminal activity or a trial, feel free to communicate their deepest feelings to each other without fear of eventual exposure in a court of law.

*Byrd,* 750 F.2d at 590.

There are three prerequisites to the assertion of this privilege. (1) At the time of communication there must have been a marriage recognized as valid by state law; (2) the privilege applies only to "utterances or expressions intended by one spouse to convey a message to the other," *United States v. Lustig,* 555 F.2d 737, 748 (9th Cir.), *cert. denied,* 434 U.S. 926, 98 S.Ct. 408, 54 L.Ed.2d 285 (1977) and 434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 795 (1978); and (3) the communication must be made in confidence. *See generally* 2 Jack B. Weinstein and Margaret A. Berger, Weinstein's Evidence § 505[4] (1992).

*Porter*, 986 F.2d at 1018-19.

## Analysis

In defendant's original motion to exclude the introduction of any incriminating exhibits provided to any government witness by his wife, defendant relies on the "adverse testimonial privilege." Motion, p. 1 [DE #29]. Further, in defendant's reply, he states that the United States has incorrectly perceived his motion as being based on a claim that this incriminating evidence should be excluded because it should be categorized as "confidential communications." Reply, p. 2 [DE #35]. Instead, defendant asserts that "any evidence provided by his wife to any government witness is protected by his wife's invocation of the privilege. His wife provided the evidence to the Kentucky State Police voluntarily. She does not, however, wish to voluntarily provide it to the jury." *Id.*

As seen from *Porter, supra,* the "adverse spousal testimony privilege" may be exercised only by the testifying spouse, while the "confidential marital communications privilege" is assertable by either spouse.

6

### a. adverse spousal testimony privilege

Although defendant appears to argue that the exhibits at issue (CD-ROMs and diskettes that contain child pornography and miscellaneous pieces of paper containing the names of various websites) which his wife voluntarily provided to law enforcement officers are protected by the marital "adverse testimonial privilege," defendant's argument is unsupported by any authority holding that the act of a defendant's wife in voluntarily providing incriminating, tangible evidence to law enforcement officers should be excluded from introduction at trial by reason of the adverse spousal testimony privilege. Additionally, the Magistrate Judge is aware of no authority holding that the act of a defendant's spouse in voluntarily providing law enforcement officers with tangible, incriminating evidence of a criminal offense that may have been committed by her spouse warrants protection under the adverse spousal testimony privilege. In short, the act of voluntarily providing tangible evidence of criminal activity is not synonymous with the act of testifying concerning a spouse's knowledge of any criminal conduct committed by the other spouse.

Consequently, for all of the foregoing reasons, the Magistrate Judge concludes that defendant's motion to prohibit the United States from introducing at trial the exhibits at issue by reason of the invocation by the defendant's spouse of her adverse spousal testimony privilege should be denied because it is without factual and legal foundation.

### b. confidential marital communications privilege

The Magistrate Judge also concludes that the "confidential marital communications privilege" is of no benefit to defendant in his quest to prohibit the United States from introducing the exhibits at issue at trial. As noted by the Sixth Circuit in *Porter, supra*, there are three prerequisites to the assertion of this privilege: (1) at the time of communication there must have been a marriage recognized as valid by state law; (2) the privilege applies only to "utterances or expressions intended by one spouse to convey a message to the other," and (3) the communication must be made in confidence. *Porter*, 986 F.2d at 1018. It appears that defendant has met only one of these prerequisites, *viz.*, that he and Tina Major were legally married at the time she provided the

incriminating evidence to law enforcement officers. The act of defendant's wife in voluntarily providing the tangible exhibits at issue to law enforcement officers cannot reasonably be construed to be either an utterance or an expression intended by one spouse to convey a message to the other or a communication made in confidence, the other two prerequisites that must be met in order for defendant to be entitled to assert the "confidential marital communications privilege" to exclude the exhibits at issue.

Consequently, the Magistrate Judge concludes that defendant is not entitled to rely on the "confidential marital communications privilege" as a basis for prohibiting the United States from introducing the exhibits at issue at trial.

## IV. CONCLUSION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** as follows:

1. That the motion of defendant Dennis Major in limine to prohibit the United States from introducing any written or oral statements made by his wife, Tina Major, to any law enforcement agents [DE #25] be **GRANTED IN PART**, to the extent that the United States be prohibited from introducing any such oral or written statements during its case-in-chief, and be **DENIED IN PART**, to the extent that the United States may cross-examine Tina Major about said written or oral statements she made to law enforcement officers in the event she elects to testify for the defense.

2. That defendant's motion to prohibit the introduction of incriminating exhibits that his wife, Tina Major, voluntarily provided to any government witness [DE #29] be **DENIED**.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties. Any objections to this Proposed Findings of Fact and Recommendation shall be filed within ten (10) days of the date hereof and any response to objections filed shall be filed within five (5) days thereafter. In the absence of any objections filed hereto, a party waives the right to raise the objections in the Court of Appeals. 28 U.S.C. section

636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 72(b).

This 5Th day of January, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE