UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL NO. 3:06-CR-32-KKC

UNITED STATES OF AMERICA,                                    PLAINTIFF,

vs:                                    **OPINION & ORDER**

DENNIS MAJOR,                                    DEFENDANT.

This matter is before the Court upon the Defendant's Motion in Limine (Rec. No. 25) and Motion to Suppress (Rec. No. 29); the Report and Recommendation (Rec. No. 43) made by the United States Magistrate Judge; and the Defendant's Objection to the Report and Recommendations (Rec. No. 46).

Based on a review of the record and applicable law, the Magistrate Judge has recommended that Defendant's Motion in Limine (Rec. No. 25) should be granted in part and denied in part; and that the Defendant's Motion to Suppress (Rec. No. 29) should be denied. This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C).

Defendant objects only to that portion of the Magistrate Judge's report and recommendation finding the invocation of the "adverse spousal testimonial privilege" does not prohibit the government from introducing certain evidence including floppy disks and CD-ROMS provided to the government by the Defendant's wife. Defendant states that neither he nor the government has cited any authority on this issue and asks for a *de novo*

review of this issue only.

"The adverse spousal testimony privilege protects one spouse from being compelled to testify against the other." *United States v. Porter*, 986 F.2d 1014, 1018 (6th Cir. 1993). The Court has found no cases extending the privilege to nontestimonial acts. Courts that have addressed this issue have declined to broaden the privilege to include nontestimonial acts. *See United States v. Scott*, 784 F.2d 787, 792-93 (7th Cir. 1986); *In re Grand Jury 85-1*, 666 F.Supp. 196, 200 (D. Col. 1987)(citing cases); *United States v. McKeon*, 558 F.Supp. 1243, 1246-47 (D.C.N.Y. 1983)(citing cases). In *Trammel v. United States,* 445 U.S. 40 (1980), the Supreme Court narrowed the scope of the privilege, holding that the witness-spouse alone has the privilege to refuse to testify adversely. *Id*. at 53.

Given the weight of authority on this issue, the narrowing of the scope of the privilege and the fact that the privilege should be "strictly construed, " *id*. at 50-51, the Court declines to extend the adverse spousal testimony privilege to nontestimonial acts. Accordingly, the Court adopts the Magistrate Judge's proposed findings of fact and conclusions of law.

For all these reasons, the Court **HEREBY ORDERS** that:

(1)    The Magistrate Judge's Report and Recommendation (Rec. No. 43) is hereby **ADOPTED** as the opinion of the Court;

(2)    The Defendant's Motion in Limine (Rec. No. 25) is **GRANTED** in part and **DENIED** in part. The Motion is **GRANTED** to the extent that the United States is prohibited from introducing in its case-in-chief any written or oral statements made by the Defendant's wife; and the Motion is **DENIED** to the extent that the United States may cross-examine the Defendant's wife about such written or oral statements

made to law enforcement officers in the event she elects to testify for the defense; and

(3)     The Motion to Suppress (Rec. No. 29) is **DENIED**.

Dated this 24th day of January, 2007.

Signed By:

*Karen K. Caldwell*

**United States District Judge**